UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND LEROY HATCHETT, JR.,

    Plaintiff,

v.                                                                    Case No:  6:11-cv-1810-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Uncontested Petition for Attorneys' Fees. (Doc. 27).  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $4,760.45.**  The schedule of hours attached to Plaintiff's petition confirms the attorneys' hours.  (Id. at 12-13).

Plaintiff represents that the Commissioner has no objection to the petition for fees and costs.  (Id. ¶ 11).  Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time proceeding was filed was less than two million dollars.[2]  (Id. ¶¶ 4-7).  On February 26, 2013, the Court entered a Report and Recommendation

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

recommending that the ALJ's decision be reversed and the case be remanded back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 24). The Report and Recommendation was adopted by the district judge on March 13, 2013. (Doc. 25). The next day, the Clerk entered Judgment. (Doc. 26). Plaintiff filed his application for attorneys' fees on March 20, 2013. (Doc. 27).

Plaintiff has provided a copy of his fee agreement which includes his assignment of EAJA fees to his lawyer. (Doc. 27-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's lawyer unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's lawyer.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), the undersigned respectfully recommends that the district judge **GRANT** Plaintiff's uncontested petition for attorneys' fees (Doc. 27). Accordingly, it is respectfully recommended that the district judge award Plaintiff attorneys' fees in the amount of **$4,760.45.** It is further recommended that the district court authorize payment to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 26, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable G. Kendall Sharp
United States District Judge

Counsel of Record