UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND LEROY HATCHETT, JR.,

    Plaintiff,

v.                                                Case No: 6:11-cv-1810-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. 30). Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief. (Id. at 3). Upon due consideration, I respectfully recommend that the motion be **granted** and that Plaintiff's request for 406(b) fees be approved in the amount of $23,180.55.

### I. Background

On November 15, 2011, Plaintiff filed a complaint in federal court seeking judicial review of a final decision of the Commissioner of the Social Security Administration. (Doc. 1). Plaintiff applied for Supplemental Security Income on February 23, 2010 but was denied on May 26, 2010. (Doc. 17 at 2). Plaintiff requested a hearing before an ALJ who eventually concluded that he was not disabled. (Id.). Plaintiff appealed the

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

ALJ's decision and on September 23, 2011, the Appeals Council denied his request for review.  (Id.).   Plaintiff retained Richard A. Culbertson, Esq. as counsel on November 3, 2011.  (Doc. 30 ¶ 1).   Mr. Culbertson subsequently filed this action in federal court on behalf of Mr. Hatchett.

The Commissioner filed an answer to the complaint on January 17, 2012.  (Doc. 13).   The Court entered a scheduling order (Doc. 16) and on March 5, 2012, Plaintiff filed his memorandum in opposition to the Commissioner's decision.  (Doc. 17).   On February 26, 2013, the Magistrate Judge recommended that the district court enter a final order reversing and remanding the final decision of the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 24).   On March 14, 2013, the district court entered judgment accordingly. (Docs. 26).   On April 11, 2013, the Court entered an order granting Plaintiff $4,760.45 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").   (Doc. 29).

Plaintiff has been awarded years of past due benefits in the amount of $111,764.00, as well as ongoing future benefits.   (Doc. 30 at 5; Doc 30-2 at 1).   Plaintiff and counsel's fee agreement provides for attorney's fees in the amount of 25% of any past due benefits awarded "to Plaintiff and any auxiliary beneficiaries minus any attorney fees paid to Petitioner under the [EAJA]".   (Doc. 30 ¶ 3).   Plaintiff's counsel now seeks a net award of $23,180.55, which is the amount that was withheld by the Social Security Administration for the payment of attorneys' fees, minus $4,760.45, which is the amount Plaintiff's counsel has already received in EAJA fees.[2]   See (Id.).

## II. Discussion

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her

---

[2] See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-74 (11th Cir. 2010).

client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A).   In capping the fee at twenty-five percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).   "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   Id. at 807.

Here, the reasonableness of the 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute. See (Doc. 30 at 3). Upon due consideration, I respectfully recommend that the district judge grant the motion and approve **section 406(b) fees in the amount of $23,180.55**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 8, 2014.

_____
THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

    Presiding United States District Judge
    Counsel of Record